IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SPEED COMMERCE CORP., | § | CIVIL ACTION NO. 15-701 |
| Plaintiff, | § | |
| | § | |
| v. | § | **COMPLAINT** |
| | § | |
| EZRANI 2 CORP., | § | |
| Defendant. | § | |

Plaintiff Speed Commerce Corp., as and for its Complaint against Defendant Ezrani 2 Corp. ("Ezrani"), states and alleges as follows:

## PRELIMINARY STATEMENT

1. This action is for breach of a contract between SpeedFC, Inc. and Ezrani. After contract formation, SpeedFC, Inc. merged with another entity to form Speed Commerce Corp. ("Speed"). Speed is therefore the successor in interest to the contract in dispute and as such will be referenced as the contracting party herein.

2. On or about August 15, 2012, Speed and Ezrani entered into a legally binding and enforceable contract. The contract requires Ezrani pay Speed's invoices for the services and products provided according to a particular schedule.

3. At all times, Speed materially performed according to the terms of the contract between it and Ezrani.

4. Since late 2014, Ezrani has failed and/or refused to pay when due amounts owed to Speed pursuant to the express terms of the contract. Ezrani's nonpayment is a breach of the contract.

5. Speed made written demand for Ezrani for payment, but Ezrani failed and/or refused to cure its breaches of the contract.

6. The amount owed by Ezrani to Speed under the terms of the contract is in excess of $75,000.

## PARTIES

7. Plaintiff Speed Commerce Corp. is a corporation incorporated under the laws of Minnesota. Plaintiff's principal office is located at 1303 E. Arapaho Rd., Ste. 200, Richardson, TX 75081. Speed Commerce Corp.'s call and distribution center, which performed all or a substantial part of the actions under the contract at issue in this dispute, is located at 10300 Sanden Drive, Suite 100, Dallas, TX 75238.

8. Defendant Ezrani 2 Corp. is a corporation incorporated under the laws of Delaware. Upon information and belief, Ezrani's principal office is located at 200 Park Ave South, 3rd Floor, New York, NY 10003. Ezrani 2 Corp. may be served by and through its Registered Agent in Texas, TRAC – The Registered Agent Company, 815 Brazos, Suite 500, Austin, Texas 78701.

## JURISDICTION AND VENUE

9. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the parties are citizens of different states and the matter in controversy is in excess of $75,000.

10. Venue in this Court is proper according to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claim occurred within this judicial district.

11. The contract at the center of this dispute contains a choice of law and venue provision setting Texas law as the governing law and mandating venue in Dallas, Texas.

## FACTUAL BACKGROUND

12. This case seeks monetary damages from Defendant ("Ezrani") for unpaid and past due invoices owed to Plaintiff ("Speed") pursuant to a written contract between the parties.

**A.   The contract and the parties.**

13. Speed is in the business of providing call center and order management services, warehousing, fulfillment, and distribution services as well as hosting, systems services and e-commerce services.

14. Ezrani desired to establish an e-commerce business involving an online Web Site, call center, warehousing and fulfillment center and other related services.

15. On August 15, 2012, Speed and Ezrani entered into a contract memorialized by the signed Master Service Agreement ("Agreement") and its Exhibits and Attachments. The Agreement was a binding and legally enforceable contract.

16. The Agreement generally provided that Speed would design, implement and operate an e-commerce Web Site, as well as the related call center, warehousing and distribution facilities, through which Ezrani would sell merchandise.

17. Ezrani was to compensate Speed for these products and services at prices set out in Ex. B of the Agreement.

18. Under Section 6.1(a) of the Agreement, Speed was to provide Ezrani with invoices on the 15th and last day of each month. These invoices were payable within thirty (30) days of receipt by Ezrani.

19. According to Section 7.1, the Agreement was terminable by either party if one failed to perform any of the material obligations of the Agreement and the non-breaching party provided the breaching party with written notice of the breach and allowed fifteen (15) days to cure the breach.

20. Section 15.8 of the Agreement contained a choice of law and venue provision which directed that the Agreement be construed in accordance with the laws of Texas and that any lawsuit be held in Dallas, Texas.

**B.  Performance of the parties under the Agreement, breach of the Agreement by Ezrani, and termination of the Agreement by Speed.**

21. Speed fully performed all obligations and conditions precedent under the terms of the Agreement, including without limitation establishing, operating, and maintaining the e-commerce Web Site and related call center, warehousing and distribution facilities for Ezrani.

22. Initially, Ezrani paid the amounts due under the Agreement to Speed. However, beginning in late 2014, Ezrani ceased paying its invoices.

23. On December 8, 2014, Speed and Ezrani negotiated a reduction of certain outstanding invoices, said reduction being contingent upon Ezrani paying the agreed amounts in a timely fashion. Ezrani failed and/or refused to pay the outstanding invoices as required.

24. Speed received its last payment from Ezrani on December 9, 2014. This payment did not satisfy all outstanding amounts due.

25. On January 8, 2015, Speed notified Ezrani, in writing, of all amounts due under outstanding invoices. Specifically, Ezrani was past due on invoice nos. 14586 (due November 14, 2014), 14623 (due November 30, 2014), 14664 (due December 15, 2014), 14687 (due December 30, 2014). Those invoices totaled approximately $346,203.69.

26. Ezrani failed and/or refused to pay the outstanding amounts owed.

27.     On January 20, 2015, Speed again notified Ezrani, in writing, that it was past due on amounts owed to Speed under the Agreement, including additional amounts that had come due since January 8.  The total amount due as of January 20, 2015 was $509,495.43.  Specifically, Ezrani was noticed that it was past due on invoice nos. 14586 (due November 14, 2014), 14623 (due November 30, 2014), 14664 (due December 15, 2014), 14687 (due December 30, 2014), and 14734 (due January 14, 2015).  Speed further informed Ezrani that it was in breach of the Agreement and that if Ezrani did not pay all past due amounts by February 4, 2015, Speed would terminate the Agreement.

28.     On January 21, 2015, Ezrani acknowledged receiving Speed's January 20 notice.

29.     Despite receiving the January 20 notice, Ezrani failed and/or refused to pay the amounts due by February 4, 2015.

30.     By February 4, 2015, Ezrani's past due balance had risen to $698,440.11, for which payment was originally requested through invoice nos. 14586 (due November 14, 2014), 14623 (due November 30, 2014), 14664 (due December 15, 2014), 14687 (due December 30, 2014), 14734 (due January 14, 2015), and 14760 (due January 30, 2015).

31.     On February 4, 2015, Speed also issued invoice no. 14850 to Ezrani for $135,754.06.  On February 20, 2015, Speed updated invoice no. 14850 with additional information that increased the balance owed under that invoice to $142,764.98.  Invoice 14850 was due and payable by March 2, 2015, but remains unpaid.

32.     On February 5, 2015, Speed sent Ezrani written notice that it was terminating the Agreement because Ezrani failed to pay the amounts owed Speed under the Agreement, as described in the past due invoices.  Ezrani failed and/or refused to respond to the February 5 notice and has not cured the breach of the Agreement described therein.

33. Upon information and belief, Ezrani shut down its e-commerce website sometime between February 2 and February 4, 2015. Speed attempted to connect with Ezrani to discuss the shutdown of the site, the outstanding balance owed to Speed by Ezrani, and how the parties were to proceed going forward. While Speed waited for responsive communications from Ezrani, and despite having terminated the Agreement on February 5 as described above, Speed continued to provide call center services to Ezrani through the end of the day on February 6, 2015. Due to the termination of the Agreement and Ezrani's failure to pay the outstanding amounts due to Speed, Speed ceased providing any further call center services after February 6, 2015.

34. On February 9, 2015, Speed and Ezrani conducted a telephone conference during which Speed demanded payments for the past due invoices. Ezrani informed Speed that it was, or was about to be, "out of business" and Speed would not be paid or otherwise perform the terms of the Agreement. Furthermore, Ezrani informed Speeed that Ezrani's intellectual property, including the trademarks and domain names of RUUM, the retail children's clothing business operated by Ezrani, had been previously sold to a third-party.

35. On February 15, 2015, Speed issued its final invoice, no. 14891, to Ezrani for $57,301.31.

36. As of the date of this Complaint, Ezrani owes Speed approximately $975.998.59 in unpaid invoices. Specifically, the unpaid invoices are nos. 14586 (due November 14, 2014), 14623 (due November 30, 2014), 14664 (due December 15, 2014), 14687 (due December 30, 2014), 14734 (due January 14, 2015), 14760 (due January 30, 2015), 14806 (due February 14, 2015), 14850 (due March 2, 2015), and 14891 (due March 17, 2015). Ezrani has failed and/or refused to pay all outstanding amounts.

37. At all times, Speed performed its obligations and duties as set forth in the Agreement.

## COUNT I – BREACH OF CONTRACT

38. Plaintiff adopts and incorporates by reference all of the foregoing allegations as if fully set forth herein.

39. Under Texas common law, a claim for breach of contract may be had where:

    i. There is a valid, enforceable contract;

    ii. The plaintiff is a proper party to sue for breach of the contract;

    iii. The plaintiff performed and or tendered performance under the contract;

    iv. The defendant breached the contract; and

    v. The defendant's breach caused the plaintiff injury.

40. The Agreement was a written, enforceable and valid contract between Speed and Ezrani.

41. Speed, being a party to the Agreement and having performed pursuant to its terms, is a proper party to sue for breach of the Agreement.

42. Speed did perform under the Agreement, developing, establishing, operating, and maintaining an e-commerce Web Site and the related call center, warehousing and distribution facilities for Ezrani. Furthermore, all conditions precedent have been performed.

43. Ezrani materially breached the Agreement by repeatedly failing to pay invoices when due. Ezrani is still in breach of the Agreement as these past due invoices remain unpaid. Ezrani has no legally recognized excuse for not paying these invoices.

44. Speed has been damaged by Ezrani's breach in the amount of approximately $975,998.59 in unpaid, past due invoices. These invoices represent Speed's reasonable expectation of compensation under the Agreement for the services and products it provided to Ezrani.

45. Speed is also entitled to an award for its reasonable and necessary attorneys' fees pursuant to Chapter 38 of the Texas Business and Commerce Code.

WHEREFORE, Plaintiff Speed Commerce Corp. respectfully requests that after a hearing, the Court enter judgment awarding the following relief:

1. Damages in the amount of $975,998.59 representing Speed's reasonable expectation damages related to Ezrani's breach, plus any additional damages or amounts found to be owed to Speed under the Agreement;

2. Pre- and post-judgment interest at the maximum allowable rate;

3. Reasonable and necessary attorneys' fees;

4. Costs and expenses; and

5. Any other relief to which Plaintiff may be justly entitled.

Dated:  March 3, 2015                                   WINTHROP & WEINSTINE, P.A.

By: s/Justin H. Jenkins
    Justin H. Jenkins

Texas Bar #24051866
225 South Sixth Street
Suite 3500
Minneapolis, Minnesota 55402
Tel:  612-604-6411
Fax: 612-604-6891
jjenkins@winthrop.com

and

Rick W. Hightower
rhightower@bhhlaw.com
Texas Bar #09614500
Beasley, Hightower & Harris, P.C.
1601 Elm Street, Ste. 4350
Dallas, Texas 75201
Tel:  214-220-4700
Fax: 214-220-4747

*Attorneys for Plaintiff*

10038297v6